JAMES F. CLAPP (145814)
jclapp@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122-1253
Tel: 858-623-4200
Fax: 858-623-4299

J. DANIEL HOLSENBACK (145640)
dan@holsenbackapc.com
HOLSENBACK APC
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122-1253
Telephone: 619-269-4634
Facsimile: 619-269-4635

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPTAIN BOUNCE, INC., SEVAG KALAJAIN, SAMUEL KHATOMATOURIAN, and TAMRA COVIELLO dba KC DANCEGEAR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BUSINESS FINANCIAL SERVICES, INC., BUSINESS CASH ADVANCE, INC., FATON, INC., and DOES 1 through 50,<br><br>Defendants. | CASE NO. 3:11-cv-0858-JLS-WMC<br><br>**PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**<br><br>DATE: June 24, 2011<br>TIME: 3:00 p.m.<br>CTRM: 6 (3rd Floor)<br><br>Hon. Janis L. Sammartino |

1  PLEASE TAKE NOTICE that Plaintiffs will and do hereby apply to the Court *ex parte* for
2  leave to file a Surreply in Opposition to Defendants' Motion to Stay Proceedings and Compel
3  Arbitration.  Plaintiffs respectfully request the opportunity to address Defendants' new evidence
4  and new arguments raised for the first time in Defendants' Reply.  Plaintiffs' proposed surreply and
5  supporting declarations are filed herewith.
6  Good cause exists for this Application because in their Reply, Defendants raise new
7  arguments and submit 121 pages of new declarations and new exhibits, that could have, and
8  should have, been presented in their initial papers.
9  Pursuant to Local Rule 83.3(h), Plaintiffs' counsel contacted counsel for Defendants on
10 June 2, 2011, and informed them of where and when the motion would be made.  Declaration of
11 Zach P. Dostart, filed herewith, paras. 2-4.
12 /////
13 /////
14 /////
15 /////
16 /////
17 /////
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////
27 /////
28

1

PLAINTIFFS' EX PARTE REQUEST FOR LEAVE TO FILE A SURREPLY IN                3:11-cv-0858-JLS-WMC
OPPOSITION TO DEFENDANTS' MOTION TO STAY AND COMPEL
ARBITRATION

## I.  INTRODUCTION

Plaintiffs respectfully submit the following *Ex Parte* Application for Leave to File a Surreply in Opposition to Defendants' Motion to Stay and Compel Arbitration. Defendants for the first time in their Reply brief (Docket No. 13) raise new arguments – and submitted 121 pages of declarations and exhibits – that Defendants could have, and should have, presented in their initial brief (Docket No. 5-1).

It is improper for a party to submit evidence for the first time in a Reply. In Re Hansen Natural Corp. Sec. Litig., 527 F. Supp. 2d 1142, 1150 n.2 (C.D. Cal. 2007) ("[T]he Court will not consider new evidence presented for the first time in a Reply.") citing United States v. Patterson, 230 F.3d 1168, 1172 (9th Cir. 2000). Defendants for the first time in their Reply submit fifteen declarations, transcripts of telephone conversations, print-outs of business credit checks, copies of vendor reports, and copies of landlord verification forms. See Docket Nos. 13-1 - 13-15. Much of the new evidence Defendants submit in Reply is hearsay (as addressed in Plaintiffs' Evidentiary Objections), and all of this information was available to Defendants when they filed their initial papers.

None of Defendants' new evidence was made available to Plaintiffs until Defendants filed their Reply. By waiting until their Reply brief to submit this new evidence, Defendants have improperly denied Plaintiffs the opportunity to address this evidence. McCullough v. Lennar Corp., 2011 U.S. Dist. LEXIS 44804 (S.D. Cal. Apr. 26, 2011) (Battaglia, A.) ("Lennar filed a reply on January 24, 2011, adding 45 pages of new evidence. Therefore, on January 26, 2011, the Court permitted Plaintiff to file a response").

/////
/////
/////
/////
/////
/////

Similarly, Defendants for the first time in their Reply raise at least four new arguments. First, Defendants now argue that an entire body of California unconscionability law is preempted by the FAA.[1]  Second, Defendants now argue that, if California unconscionability law is not preempted by the FAA, then the unconscionable provisions should be severed.  Third, Defendants now argue that Plaintiffs were not financially desperate when they applied for their loans.  And fourth, Defendants now argue that the Contracts were not procedurally unconscionable because Ms. Coviello chose between three different "funding options" and because Captain Bounce allegedly persuaded BFS to loan $40,000 instead of $27,000.

Defendants have improperly included these new arguments - which are supported by 121 pages of new declarations and new exhibits - in Reply.  Poquez v. Suncor Holdings - COPII, LLC, 2011 U.S. Dist. LEXIS 57344 (N.D. Cal. May 26, 2011) ("because [Defendants' argument] was raised for the first time in Defendants' Reply, the Court grants Plaintiff leave to file a surreply in response"); Betz v. Trainer Wortham & Co., 2011 U.S. Dist. LEXIS 54858, at *9 fn.3 (N.D. Cal. May 23, 2011) ("As defendants' new argument was only cursorily addressed in the opening brief, the Court granted plaintiff's motion for leave to file a Sur-Reply addressing this argument.")

II.     CONCLUSION

Plaintiffs respectfully request that their *ex parte* application be granted, and that their surreply and supporting declarations and exhibits, attached hereto as Exhibit 1, be filed.

/////

/////

---

[1]  Defendants' initial brief only - and properly - discusses AT&T Mobility, LLC v. Concepcion, 563 U.S. __ (2011) as it pertains to class actions in arbitrations.  See Docket No. 5-1, pgs. 14-15. In fact, the section of Defendants' initial brief addressing Concepcion is one-page and is captioned as: "The FAA Requires That This Dispute Be Arbitrated On An Individual Basis."  Id. at pg. 14.

Now, having read Plaintiffs' Opposition brief, it appears Defendants view Concepcion as their sliver of hope.  Defendants' new position is that the Court should extend the limited holding of Concepcion beyond its actual scope (which, ironically, is the same scope that Defendants argued applied in its moving papers).  Defendants' new argument devoted to Concepcion is captioned as: "Under *Concepcion*, Any California Law That Obstructs The Strong Federal Policy Favoring Arbitration is Preempted."  See Docket No. 13, pg. 6, lines 16-17 (emphasis in original).

3

PLAINTIFFS' EX PARTE REQUEST FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STAY AND COMPEL ARBITRATION
3:11-cv-0858-JLS-WMC

1 | Dated: June 2, 2011                      DOSTART CLAPP & COVENEY, LLP

3                                               s/James F. Clapp
                                              JAMES F. CLAPP
                                              Attorneys for Plaintiffs

440045.1