# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPTAIN BOUNCE, INC.; et al., <br><br> Plaintiffs, <br> vs. <br><br> BUSINESS FINANCIAL SERVICES, INC.; et al., <br><br> Defendants. | CASE NO. 11-CV-858 JLS (WMC) <br><br> **ORDER: DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** <br><br> (ECF No. 38) |

Presently before the Court is Plaintiffs' motion for certification of interlocutory appeal under 28 U.S.C. § 1292(b). (ECF No. 38.) Also before the Court are Defendants' opposition (ECF No. 41) and Plaintiffs' reply (ECF No. 42). The motion was taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having considered the parties' arguments and the law, the Court **DENIES** Plaintiffs' motion to certify the Court's Order compelling arbitration and staying action (March 19, 2012 Order, ECF No. 37) for interlocutory appeal.

28 U.S.C. § 1292(b) provides, in pertinent part, that a district judge may certify an order for immediate interlocutory appeal if the judge is "of the opinion" that: (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion" as to the resolution of that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[ ]." *See Kaltwasser v. AT&T Mobility*, 2011 U.S. Dist. LEXIS 133544 (N.D. Cal. Nov. 8, 2011); *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008). Such certification should only be granted "in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). The Court finds the circumstances presented in this case do not overcome the general policy disfavoring piecemeal appeals, and that they do not merit § 1292(b) certification.

In its March 19, 2012 Order compelling arbitration and staying the action, the Court found there was "minimal" procedural unconscionability in the parties' contractual arbitration agreement, and further found the agreement was not unenforceable. (March 19, 2012 Order 12, 18.) Plaintiffs now contend interlocutory appeal is warranted because the "law under the Federal Arbitration Act ('FAA') is in flux" following the Supreme Court's recent decision in *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1753 (2011), and that "California unconscionability law is also evolving rapidly." (Mot. for Cert. 2.) However, in its March 19, 2012 Order the Court explicitly declined to address the preemption issues raised by *Concepcion* because such discussion was unnecessary given the Court's ruling that the arbitration provision was not unconscionable. (March 19, 2012 Order 18.) Thus, Plaintiffs' arguments that the "law is in flux" because of *Concepcion* and federal preemption is unavailing.

Further, it is clear that certifying its March 19, 2012 Order for interlocutory appeal would not "materially advance the ultimate termination of [this] litigation." 28 U.S.C. § 1292(b). Indeed, such certification would delay, rather than advance, the termination of this case, even under Plaintiffs' reasoning that the expense of arbitration may force them to abandon the case, because it would "require the parties to undertake proceedings at the appellate level before any arbitration could take place." *Kaltwasser*, 2011 U.S. Dist LEXIS 133544, at *8 (N.D. Cal. Nov. 8,

2011) (citing *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Trans. Co., Inc.*, 2004 U.S. Dist. LEXIS 30604, at *1 (D. Ariz. July 28, 2004) (declining to certify an order compelling arbitration for interlocutory appeal, in part because "the appeal process would realistically take far longer than would the arbitration process, an interlocutory appellate ruling . . . would only prolong the termination" of the case)). Indeed, the Federal Arbitration Act's policy of avoiding unnecessary delays in arbitrating disputes is furthered in part through discouragement of immediate appellate review of orders compelling arbitration. *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 (9th Cir. 2004) ("The Federal Arbitration Act represents Congress's intent to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." (internal quotation and citation omitted)). Accordingly, Plaintiffs' motion for certification of interlocutory appeal is **DENIED**.

   **IT IS SO ORDERED**.

DATED: May 21, 2012

                  *Janis L. Sammartino*
                  Honorable Janis L. Sammartino
                  United States District Judge